UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephanie B. Barrett,
    Plaintiff

    v.

Ambient Pressure Diving, Ltd.,
et al.,
    Defendants

                                        Civil No. 06-cv-240-SM
Ambient Pressure Diving, Ltd.,        Opinion No. 2007 DNH 101
    Third-Party Plaintiff

    v.

Adam Bress, Sean Baird, and
Michael Secreast,
    Third-Party Defendants

## O R D E R

Stephanie Barrett, individually and on behalf of her husband's estate and her minor daughter, brings suit against Ambient Pressure Diving, Ltd., ("Ambient") for claims arising out of the death of her husband, Robert Barrett. Robert Barrett drowned while using an underwater breathing apparatus manufactured by Ambient. Ambient subsequently brought a third-party complaint against Adam Bress, Sean Baird, and Michael Secreast for indemnification and contribution. Additionally, Ambient asserts claims of fraud and civil conspiracy against Bress. Bress moves to dismiss, arguing that this court lacks

personal jurisdiction over him (document no. 75).  See FED. R.
CIV. P. 12(b)(2).  Ambient objects.  For the reasons set forth
below, Bress's motion is granted.


## The Legal Standard

When considering a motion to dismiss for lack of personal
jurisdiction under FED. R. CIV. P. 12(b)(2), the court takes the
facts pleaded in the complaint as true, and construes them "in
the light most congenial to the plaintiff's jurisdictional
claim." Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 23
(1st Cir. 2007) (citing Mass. Sch. of Law at Andover, Inc. v. Am.
Bar Ass'n., 142 F.3d 26, 34 (1st Cir. 1998)).  The court also
considers uncontradicted facts put forth by the defendant, but
does not "credit conclusory allegations or draw farfetched
inferences." Id. (citations and quotation marks omitted).


## Background

This case arises from a diving accident that occurred on
August 3, 2002.  In brief, Barrett's husband, Robert, drowned
while on a scuba diving trip to a quarry in Lancaster County,
Pennsylvania.  Accompanying Mr. Barrett on the trip were Baird,
Bress, and Secreast, all of whom are certified rescue divers.  At

the time of his death, Mr. Barrett was using a breathing apparatus manufactured by Ambient.

Mrs. Barrett asserted claims against a number of defendants for negligence, product liability, breach of warranty, personal injury, and wrongful death.  The case was filed in the United States District Court for the Eastern District of Pennsylvania on July 27, 2004, and was subsequently transferred to this court on June 28, 2006.  On December 19, 2006, Ambient filed a third-party complaint against Bress, Baird, and Secreast, seeking contribution and indemnification.  Ambient also asserted claims of fraud and civil conspiracy against Bress, contending that Bress made false statements to police and insurance company investigators to facilitate Mrs. Barrett's recovery under life insurance policies payable only if Mr. Barrett died during a recreational dive, as opposed to working as a dive instructor. Ambient claims that those same allegedly false statements provided Mrs. Barrett with a basis for bringing her suit against it.

## Discussion

Bress moves to dismiss the third-party suit against him, arguing that this court lacks personal jurisdiction.

3

Specifically, Bress says that he has not had the minimum contacts with New Hampshire necessary to support personal jurisdiction. Ambient counters that Bress's tortious conduct – his statements in support of Mrs. Barrett's New Hampshire lawsuit – is sufficiently related to and directed at New Hampshire to justify the exercise of personal jurisdiction here.

I.   <u>Personal Jurisdiction</u>

When a defendant challenges personal jurisdiction, the burden falls on the plaintiff "to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." <u>Negrón-Torres</u>, 478 F.3d at 24.  Where, as here, the long-arm statute is coextensive with the constitutional limits of due process, the two inquiries become one, focusing solely on whether jurisdiction comports with due process.  See <u>id.</u>; <u>Computac, Inc. v. Dixie News Co.</u>, 124 N.H. 350, 355 (1983) (explaining that New Hampshire's long-arm statute is "coextensive with constitutional limitations").

Personal jurisdiction comes in two varieties: specific and general.  See <u>Negrón-Torres</u>, 478 F.3d at 24.  Key to both is the existence of "minimum contacts" between the nonresident defendant and the forum.  <u>Id.</u>

4

A.   <u>General Personal Jurisdiction</u>

A court may exercise general personal jurisdiction over a defendant when "'the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.'"  <u>Negrón-Torres</u>, 478 F.3d at 25 (quoting <u>163 Pleasant St. Corp.</u>, 960 F.2d at 1088 (1st Cir. 1992)).

Ambient has failed to allege facts that might support a finding of general jurisdiction.  Bress visited New Hampshire on one occasion for a three day period in 2005.  That minimal contact falls significantly below the threshold of "continuous and systematic" presence required to support general personal jurisdiction.  <u>See</u> <u>Donatelli v. Nat'l Hockey League</u>, 893 F.2d 459, 463 (1st Cir. 1990) (citing <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 317 (1945) (single or isolated contacts insufficient to justify general personal jurisdiction).

B.   <u>Specific Personal Jurisdiction</u>

In contrast to general personal jurisdiction, specific personal jurisdiction exists "'where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'"  <u>Negrón-Torres</u>, 478 F.3d at 24 (quoting <u>United Elec.,</u>

5

Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d
1080, 1088-89 (1st Cir. 1992)).   The Court of Appeals for this
circuit has explained that in considering whether a plaintiff has
alleged sufficient facts to support a finding of specific
jurisdiction, the court "'divides the constitutional analysis
into three categories: relatedness, purposeful availment, and
reasonableness.'"   Id. (quoting Platten v. HG Berm. Exempted
Ltd., 437 F.3d 118, 135 (1st Cir. 2006)).   "'[A]n affirmative
finding on each of the three elements of the test is required to
support a finding of specific jurisdiction.'" Negrón-Torres, 478
F.3d at 24-25 (quoting Phillips Exeter Acad. v. Howard Phillips
Fund, 196 F.3d 284, 288 (1st Cir. 1999)).   The reasonableness
inquiry is considered in terms of certain so-called "Gestalt
factors."   Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir.
1995).

The relatedness inquiry is "not an open door" and requires a
"material connection" between the defendant and the forum.   Id.
at 25.   A finding of relatedness requires that the plaintiff's
action arises directly "out of the specific contacts between the
defendant and the forum state."   Sawtelle, 70 F.3d at 1389.   Put
differently, for a finding of relatedness, the plaintiff's claim
must arise out of, or relate to the defendant's in-forum

6

activities.  Id. (citing Ticketmaster-New York., Inc. v. Alioto,
26 F.3d 201, 206 (1st Cir. 1994)).

Ambient contends that personal jurisdiction over Bress may
be exercised in New Hampshire because Bress's allegedly
fraudulent statements are central to Barrett's claims in the
underlying case, which are pending in this district.  But, as
Bress points out, Ambient's claim against him does not arise out
of any New Hampshire-based activities, but rather, concern the
accident in Pennsylvania and subsequent statements made by him
about that accident in Pennsylvania and Maryland.  Accordingly,
says Bress, there is no basis on which to find "relatedness" with
respect to New Hampshire.

Generally, to establish personal jurisdiction for a tortious
act, the plaintiff must show some "causal nexus between the
defendant's contacts and the plaintiff's cause of action."
Phillips Exeter Acad., 196 F.3d at 288.  The Court of Appeals for
this circuit has explained that mere injury in the forum state
is, without more, an insufficient basis upon which to subject a
defendant to personal jurisdiction in a particular forum.  See
Mass. Sch. of Law, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 36 (1st
Cir. 1998); see also Sawtelle, 70 F.3d at 1390 (1st Cir. 1995).

In this case, Ambient has failed to demonstrate that Bress's alleged conduct has any causal nexus to New Hampshire.  Ambient simply alleges that Bress's fraudulent statements, all of which were made outside of New Hampshire, and related to an accident that also occurred outside of the state, might give rise to an injury felt in New Hampshire, if it loses the lawsuit filed by Mrs. Barrett.  Because mere allegations of a potential injury in New Hampshire, without more, are insufficient to support a finding of relatedness, Ambient has failed to establish the first element of the specific personal jurisdiction test.

Even if Ambient could establish relatedness, it has also failed to demonstrate that Bress purposefully directed his conduct at New Hampshire, or that the exercise of personal jurisdiction over Bress in New Hampshire would be reasonable in light of the relevant Gestalt factors.

Bress's statements in Maryland and Pennsylvania about a diving accident that occurred in Pennsylvania cannot be fairly construed as having been purposefully directed at New Hampshire. Moreover, the mere fact that Bress is involved as a witness in Mrs. Barrett's lawsuit, which happens to be before a New Hampshire court, does not support the assertion that Bress purposefully directed his activities to New Hampshire.  To find

8

otherwise would suggest that Bress purposefully directed his activity at any forum where Mrs. Barrett's lawsuit might be heard, thereby subjecting Bress to personal jurisdiction in any of those forums.  That result would fall far short of traditional notions of fair play and substantial justice.  See Int'l Shoe Co., 326 U.S. at 316 (defendant must have minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice) (citations and internal quotation marks omitted).

Ambient cites some precedent in support of its proposition that Bress should have realized that the alleged fraudulent statements would cause harm in New Hampshire.  Those cases are inapposite, however, because the defendant in each of them directed conduct specifically toward New Hampshire, or was aware that the conduct would likely impact New Hampshire.  See N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005) (New York corporation tortiously induced New Hampshire manufacturer to extend credit to a New York-based affiliate of the corporation); VDI Tech. v. Price, 781 F. Supp. 85, 88 (D.N.H. 1991) (Massachusetts patent holder mailed letters to customers of New Hampshire company threatening suit for patent infringement if they purchase the New Hampshire company's product); Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 431-32 (D.N.H. 1991)

(Florida defendant wrote and published libelous articles for a
national magazine knowing that such articles would be available
in New Hampshire).

In this case, Bress had no reason to think that his
allegedly fraudulent statements would have any substantial effect
in New Hampshire.  Moreover, at the time Bress is alleged to have
made the fraudulent statements, he was unaware that this case
would eventually be brought in a New Hampshire court.[1]

Ambient has also failed to demonstrate that the exercise of
personal jurisdiction over Bress would be reasonable in light of
the relevant Gestalt factors.[2]  Aside from the fact that Ambient
has an office in New Hampshire, and that the underlying case is
being litigated here, the subject matter has no connection to the

---

[1] Bress is alleged to have first made the fraudulent
statements shortly after the accident occurred on August 3, 2002,
in the course of a local police investigation.  See Third Party
Compl. (document no. 60) ¶¶ 47-55.  Mrs. Barrett filed suit on
July 27, 2004, in the Eastern District of Pennsylvania.  The case
was later transferred to New Hampshire on June 28, 2006.

[2] Specifically, the court considers "(1) the defendant's
burden of appearing; (2) the forum state's interest in
adjudicating the dispute; (3) the plaintiff's interest in
obtaining convenient and effective relief; (4) the judicial
system's interest in obtaining the most effective resolution of
the controversy; and (5) the common interests of all sovereigns
in promoting substantive social policies."  Sawtelle, 70 F.3d at
1394.

state.  None of the operative facts pertinent to the underlying
case implicate New Hampshire, and none of the fraudulent
statements that Bress allegedly gave to investigators implicate
New Hampshire.  Indeed, New Hampshire has little interest in
having the claims against Bress adjudicated here.

Moreover, the burden associated with litigating the third-
party claims in New Hampshire far outweighs Ambient's interest in
obtaining convenient and effective relief.  Bress is a 23 year
old graduate student in Baltimore, Maryland, who, as a student,
likely faces considerable time and travel constraints.  Ambient,
on the other hand, is a multinational corporation, with
flexibility and ready access to legal services in a variety of
forums.  To require Bress to defend against Ambient's claims far
from his home, thereby incurring costs above and beyond those
normally associated with litigation would not be reasonable.

Having failed to demonstrate that Bress purposefully
directed his conduct to New Hampshire or that the exercise of
personal jurisdiction over Bress would be reasonable in light of
the Gestalt factors, even if Ambient had shown that Bress's
alleged conduct was sufficiently related to New Hampshire for
jurisdictional purposes, this court would decline to exercise
personal jurisdiction over Bress.

11

**Conclusion**

As the court lacks personal jurisdiction, Bress's motion to dismiss (document no. 75) is hereby granted.


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 23 , 2007

cc:  John T. O'Connell, Esq.
     Pamela J. Khoury, Esq.
     Samuel Hankin, Esq.
     David G. Concannon, Esq.
     Robert H. Miller, Esq.
     David J. Berardinelli, Esq.
     Dona Feeney, Esq.
     Walter P. DeForest, Esq.
     John P. Fagan, Esq.
     Courtney Q. Brooks, Esq.
     Jamie N. Hage, Esq.
     Richard W. Evans, Esq.
     Mary A. Dempsey, Esq.