UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Stephanie B. Barrett

    v.                                                          Civil No. 06-cv-240-SM

Ambient Pressure
Diving, Ltd., et al.

**O R D E R**

Defendant moves to compel discovery and for sanctions (Document no. 93). Plaintiff objects (Document no. 102).

I. Plaintiff's Initial and Supplemental 26(a)(1) Disclosures.

    1-3. TDI Documents On Three Diver Courses.

While plaintiff intended to rely on these documents prior to dismissal of TDI, she does not have them in her possession. The court can't order her to produce what she does not have in her custody or control. Denied.

    4. Dive Logs.

Plaintiff claims she has produced all logs in her possession. She can not be ordered to produce what she does not have. Denied.

    5. Dive Certifications.

They have been identified in Exhibit G, Appendix A, p. 75 of the Deas' report. If plaintiff has paper copies, she is ordered

to produce them within ten (10) calendar days.

    6.   "<u>Email to and from the Defendants</u>".

Barrett believes she has complied but has asked defendants for help if she has missed any and/or they are on the "legacy". If defendants have emails plaintiff hasn't found, they are to produce them to plaintiff within ten (10) calendar days and they are to assist plaintiff with the "legacy" computer.

    7.   <u>Emails from Defendants to Plaintiff's Expert Crockford</u>.

By definition, defendants already have them.  Denied.

    8.   <u>Income Tax Returns</u>.

Either produce the returns or provide an authorization to defendants to get them from the IRS.

    9.   <u>Medical Records</u>.

Plaintiff says she has produced all she has and this court can't order her to produce more.  Denied.

II. <u>Privilege Logs</u>.   Each side is ordered to provide privileged logs to the other side within thirty days.

III. <u>Interrogatories</u>.

    <u>Interrogatory No. 2</u>.  "State the full name, address, telephone number, and the relationship, if any to the other parties of each person who has knowledge, information or evidence

of the diving accident at Bainbridge Sportsman's Club..."

The plaintiff answered by incorporating initial and supplemental disclosures by both she and defendants.  They were not provided to me for examination and I will not guess what they state.  Denied.

Interrogatory No. 18.   Defendant complains that the answer doesn't comport with the requirements of its definition of "identify" or its instruction no. 12.

Since neither the definition nor the instruction were provided, I am to guess which I will not do.  Denied.

Interrogatory Nos. 8 and 9.   These are contention interrogatories addressed to a person who is unskilled in rebreather diving but who has disclosed expert reports which are responsive to the questions.  Denied.

Interrogatory No. 10.   "Identify how many dives that Robert Barrett had made on the Inspiration model rebreather, prior to August 3, 2002."

She answered "several" but she was unaware of the total hours logged.  Defendant appears to claim that she must have had logs.  The problem is she says she has found no such log.  I also have no idea to what defendant is referring in the expert report.

Her answer is adequate.  Denied.

    <u>Interrogatory No. 17</u>.   "State whether ... Barrett consumed any alcoholic beverages, medications... within 24 hours prior to the dive accident..."

    In the objection Barrett makes clear that the answer is "None to my knowledge."  She is ordered to supplement the answer to say that.

    <u>Interrogatory No. 18</u>.   Denied as neither the definition nor the instruction were provided to the court.

III. <u>Requests for Production</u>.

    <u>Request No. 1</u>. Questions like this about the email system are appropriate for companies but are not for this individual party.  She has offered the "legacy" computer system and asked for defendant's help formulating a protocol to search it.  The defendant should stop posturing and get to what it should want – the emails.  It has the capability to do so, plaintiff doesn't.  Denied.

    <u>Request No. 2</u>. Emails from plaintiff which are not privileged or work-product protected and which relate to the facts surrounding the dive are to be produced.  Other emails are not relevant.  Granted in part and denied in part.

Request No. 3. Barrett says she has produced the only dive log in her possession.  Denied.

Request No. 4. The "Inspiration Instruction" material is what was requested and it has been produced.  If plaintiff has the TDI and CCR materials referenced in her Rule 26 disclosures she should produce them even though I do not interpret Request No. 4 to be inclusive of them.

Request No. 6. If plaintiff, her present or former attorney or her present or former experts have downloaded VR-3 data from either or both of Robert Barrett's VR-3 dive computers, they are to produce it forthwith.  If none of them have a download, plaintiff is to say so unequivocally.  If Ambient has one or more such downloads, it is to produce it/them forthwith.

Request No. 12.     Granted.

Request No. 13.     See ruling on interrogatory no. 8.

Request No. 14.     Granted as to all expenses which are claimed as damages.

Request No. 16.     Produce the documents or a privilege log of attorney-client or work product of responsive documents within thirty (30) days.

Request No. 18.     Produce or log it.

<u>Request No. 20</u>.   Any documents referenced in interrogatory nos. 2 and 13 which have not been supplied or which defendant doesn't have should be supplied.

IV.   <u>Additional Deficiencies</u>.

These have been explained in the objection.

The motion is granted in part and denied in part as set forth. There is not a single discovery dispute covered by this motion that reasonable counsel should not have resolved without help from the court.  Counsel would be well advised to expect local counsel to be engaged in these disputes in the future. Neither side is entitled to fees.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 11, 2008

cc:   Counsel of Record