**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Stephanie B. Barrett

   v.                                                   Civil No. 06-cv-240-SM

Ambient Pressure
Diving, Ltd., et al.

**O R D E R**

Defendant takes issue with plaintiff's responses to its requests for admissions. Document no. 92.

Fed. R. Civ. P. 36(a), as it existed on the date of the Requests for Admission, provided in pertinent part:

> The party who has requested the admissions
> may move to determine the sufficiency of the
> answers or objections.

However, "(a) motion to determine the sufficiency of a response to a request for admission is not to be used as an attempt to litigate the accuracy of a response."[1]

Request Nos. 4 and 5

4.   Robert Barrett recorded his experience diving on the Inspiration rebreather in a log book or log books that the

---

[1] James Wm. Moore et al., Moore's Federal Practice §36.12[3] (3d. Ed. 2007). A party may prove a denial at trial and seek fees and costs under Rule 26(g)(2) or 37. Id.

plaintiff retains in her possession, custody and/or control. After making reasonable inquiry Barrett is unable to either affirm or deny whether Robert Barrett recorded his experience diving on the Inspiration in a log book.  Barrett DENIES that she retains possession, custody and/or control of any rebreather logbooks.

     5.   The plaintiff reviewed Robert Barrett's log books to determine her husband's level of experience with the Inspiration rebreather prior to filing this lawsuit.
Barrett DENIES that she had Robert Barrett's log books to review.

    The motion seeks to have the court decide the accuracy of the responses.  The objection reaffirms the answers.  Motion denied as to Nos. 4 and 5.

<u>Request Nos. 6, 7 and 8</u>

     6.   In April 2002, Robert Barrett attended a second Inspiration rebreather training course taught by John Garvin. Barrett incorporates each and every General Objection as though fully set forth herein.

     7.   The April 2002 Inspiration rebreather training course was conducted in the Turks & Caicos Islands.
Barrett incorporates each and every General Objection as though

fully set forth herein.  Without waiving these objections Barrett ADMITS that an Inspiration rebreather training course took place in the Turks and Caicos Islands in April of 2002.

    8.  The April 2002 Inspiration rebreather training course was also attended by David Bouder.  Barrett incorporates each and every General Objection as though fully set forth herein.  Without waiving these objections Barrett ADMITS that David Bouder attended an Inspiration rebreather training course in April of 2002.

    The answers to Requests Nos. 7 and 8 are sufficient and are apparently not in dispute.  The denial of No. 6 is not sufficient.  Arguably, it is technically "correct" because decedent did not "attend" in the sense of being a student.  However, in the objection (Doc. no. 101-1) plaintiff acknowledges that the decedent "assisted in this course..."  The denial does not fairly meet the substance of the requested admission.  Plaintiff is ordered to provide an answer that does just that.

<u>Requests Nos. 34 and 35</u>

    34.  Stephanie Barrett reviewed the user instruction manual for the Inspiration rebreather prior to filing this lawsuit.  Barrett incorporates each and every General Objection as though

fully set forth herein.  Without waiving these objections after making reasonable inquiry Barrett ADMITS that she has reviewed portions of the user instruction manual.

    35.  Stephanie Barrett provided a copy of the user instruction manual for the Inspiration rebreather to her counsel prior to filing this lawsuit.

Barrett incorporates each and every General Objection as though fully set forth herein.  Without waiving these objections after making reasonable inquiry Barrett states that she provided a user instruction manual to her attorney.

    Response No. 34 is sufficiently answered while No. 35 is not.  Plaintiff is ordered to amend the response to indicate whether the manual was provided to her counsel prior to filing suit.

<u>Requests Nos. 46-51, 55, 56, 58, 61, 64 and 66</u>

    46.  The plaintiff retained Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos to investigate the cause of her husband's death.

Barrett incorporates each and every General Objection as though fully set forth herein.  Without waiving these objections,

Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

47. The plaintiff retained Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos to provide legal advice concerning the death of Robert Barrett.

Barrett incorporates each and every General Objection as though fully set forth herein. Without waiving these objections Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

48. Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos provided legal advice to the plaintiff.

Barrett incorporates each and every General Objection as though fully set forth herein. Without waiving these objections Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

49. Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos provided legal advice to the plaintiff concerning whether she could sue Ambient.

Barrett incorporates each and every General Objection as though fully set forth herein. Without waiving these objections Barrett

states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

50. Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos retained Jeffrey Bozanic, Ph.D. as an expert. Barrett incorporates each and every General Objection as though fully set forth herein. Without waiving these objections Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

51. Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos retained Jeffrey Bozanic, Ph.D. to provide his expert opinion concerning whether the plaintiff could bring a product liability case against Ambient to recover damages for the death of Robert Barrett. Barrett incorporates each and every General Objection as though fully set forth herein. Without waiving these objections Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

55. Frederic C. Heyman conducted an inspection of Robert Barrett's VR-3 dive computers. Barrett incorporates each and every General Objection as though fully set forth herein. Without waiving these objections Barrett states that she

respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

56.  Frederic C. Heyman traveled from Maryland to Pennsylvania on January 15, 2003 to upload information from Robert Barrett's VR-3 dive computers.

Barrett incorporates each and every General Objection as though fully set forth herein.  Without waiving these objections Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

61.  On January 15, 2003, Frederic C. Heyman had the ability to upload information from Robert Barrett's VR-3 dive computers.

Barrett incorporates each and every General Objection as though fully set forth herein.  Without waiving these objections Barrett states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

64.  Jeffrey Bozanic, Ph.D. provided his expert opinion concerning this case to Frederic C. Heyman, Esquire and the Law Firm of Peter G. Angelos.

Barrett incorporates each and every General Objection as though fully set forth herein.  Without waiving these objections Barrett

states that she respectfully declines to answer this request as her dealings with Frederic C. Heyman are privileged.

65. Jeffrey Bozanic, Ph.D. concluded that there was no basis to bring a product liability action against Ambient concerning the death of Robert Barrett.
DENIED.

Other than the supplementation of responses to Nos. 46 and 48 offered by plaintiff the remaining answers are sufficient. The requests are a blatant attempt to invade the attorney-client and work product protections without any of the necessary legal showing by defendant.  Denied.  Privileged logs relate to documents not facts.

Requests Nos. 62 and 75

62. The plaintiff has never produced any information uploaded from Robert Barrett's VR-3 dive computers.
The plaintiff ADMITS that she has never been in possession of any data from VR-3 dive computers.

75. You are requested to admit that, between August 3, 2002 and the present day, you personally observed information being uploaded from Robert Barrett's VR-3 dive computers.
DENIED.

Answer No. 62 is answered indirectly.  Defendant is entitled to a direct answer such as "Admitted.  In fact, she has never been in possession <u>of any data</u>..."  Granted.[2]

Request No. 75.

Set forth above.  Defendant has substantially over stated Mr. Bozanic's conclusion and it was, therefore, properly denied.

Request No. 69

69.  Prior to January 15, 2003, Stephanie Barrett had been informed that one of the handsets on Robert Barrett's rebreather read "Dive Now? Confirm" after his body was retrieved from the water.  DENIED.

Defendant's motion inappropriately seeks a ruling on the accuracy of the answer not the sufficiency.  Denied.

Requests Nos. 81 and 82

81.  On August 6, 2002, John Garvin informed Stephanie Barrett that the investigation into Robert Barrett's death had revealed that one of the handsets on Robert Barrett's rebreather read "Dive Now? Confirm" after his body was retrieved from the water.

DENIED.

---

[2] I have previously ordered production of every "upload" by any party, their counsel, experts or consultants.

82.  On August 6, 2002, John Garvin informed Stephanie Barrett that the investigation into Robert Barrett's death had revealed that Robert Barrett had not properly placed his rebreather into "Dive Mode" and this was the most likely cause of Robert Barrett's death.

DENIED.

If there is such an electronic message as claimed by defendant it is free to seek authentication by plaintiff or Garvin, prove the inaccuracy at trial and then seek relief for fees and costs for the proof.  What defendant can not do under Rule 36 is ask the court to determine the accuracy of the response.

Once again the court concludes that reasonable counsel would and should have resolved these matters without the need to apply to the court for rulings.  The unreasonableness evident by both sides compels a finding that neither is entitled to fees and costs.

The motion (Document no. 92) is granted in part and denied in part.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 16, 2008

cc:   Counsel of Record