UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Stephanie B. Barrett

    v.                                                      Civil No. 06-cv-240-SM

Ambient Pressure
Diving, Ltd., et al.


**O R D E R**

Apparently it is the plaintiff's turn to move to compel further answers to interrogatories and for production of documents. (Document no. 97). Once again counsel have failed to meaningfully attempt to resolve disputes which reasonable counsel would have resolved.[1]

Interrogatories

6. If you or your predecessor corporation AP Valves have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter that alleges any type of design and/or manufacturing defect with any type of rebreather, please identify the lawsuit by providing the date it was filed and the jurisdiction it was filed in.

---

[1] The next such dispute which the court is required to resolve will result in serious sanctions.

**ANSWER**

Ambient has never been a party in a lawsuit other than the present matter that alleges any type of design and/or manufacturing defect with any type of rebreather.

Defendant in its objection says the answer is "no." Why it would take a motion to get that answer is a mystery. Amend the answer, say "no" and quit the nonsense.

Interrogatory Nos. 7 and 8

7. Please identify any customer, person or entity that has commented on and/or criticized any aspect of the design and/or manufacture of the Inspiration rebreather.

**ANSWER**

Ambient specifically objects to this interrogatory to the extent it seeks information that is not in the possession, custody and control of Ambient. Ambient further objects to this interrogatory on the grounds that it is hopelessly overbroad and harassing. The information sought would require Ambient to search through several thousand records, some of which may be confidential and/or privileged, dating back more than 10 years. Most of these records do not contain any information whatsoever that is related to this litigation, nor are they likely to lead

to the discovery of any relevant or admissible evidence. Therefore, providing the information sought to the proponent would be unduly both burdensome and oppressive.

8.   Please identify all complaints and/or criticisms regarding the quality, design, safety, and/or manufacture of any rebreather manufactured by you and/or the component parts of any rebreather sold by you specifying the comment or criticism made.

**ANSWER**

Ambient specifically objects to this interrogatory to the extent it seeks information that is not in the possession, custody or control of Ambient.  Ambient further objects to this interrogatory on the grounds that it is hopelessly overbroad and harassing.  The information sought would require Ambient to search through several thousand records, some of which may be confidential and/or privileged, dating back more than 10 years. Most of these records do not contain any information whatsoever that is related to this litigation, nor are they likely to lead to the discovery of any relevant or admissible evidence. Therefore, providing the information sought to the proponent would be unduly both burdensome and oppressive.

Plaintiff's expert opines as to three alleged design faults, a failure to carry out HAZOPS and other safety studies, etc. Doc. 101-3, pp. 73-74.

Complaints as to enumerated alleged defects are appropriate but the interrogatories as set forth are grossly overbroad. Denied as to 7 and 8.

Interrogatory Nos. 9 and 10

9.  Please identify all changes or modifications in the design of your Inspiration rebreather and the reason for the modification and/or change.

**ANSWER**

Ambient specifically objects to this interrogatory on the grounds that it is unduly burdensome, harassing, it is not limited in time or scope, seeks the production of irrelevant information, and it is not likely to lead to the discovery of admissible evidence.  Plaintiff is seeking the production of information related to subsequent remedial measures, which is inadmissible.

10.  Please identify all changes or modifications in the successor design of your Inspiration rebreather (including the Evolution) and the reason for the modification and/or change.

**ANSWER**

Ambient specifically objects to this interrogatory on the grounds that it is unduly burdensome, harassing, it is not limited in time or scope, seeks the production of irrelevant information, and it is not likely to lead to the discovery of admissible evidence.  Plaintiff is seeking the production of information related to subsequent remedial measures, which is inadmissible and/or information related to the development and manufacture of an entirely new product that was introduced to the market in 2005, more than three years after Robert Barrett's death.

Interrogatory No. 9 seeks relevant information which is discoverable.  Defendant is ordered to answer within ten (10) business days.  Plaintiff has not shown how the information sought in No. 10 is likely to lead to the admissible evidence.  The motion is granted as to No. 9 and denied as to No. 10.

Interrogatory No. 13

13.  Please identify all individuals who have died while using an Inspiration rebreather.

**ANSWER**

Ambient specifically objects to this interrogatory on the

grounds that it is unduly burdensome, harassing, it is not limited in time or scope, seeks the production of irrelevant information, and it is not likely to lead to the discovery of admissible evidence.  Ambient further objects to plaintiff's efforts to use the discovery process in this litigation, which concerns the death of one individual due to misuse of a product in 2002, into a worldwide class action of unlimited scope, time period and subject matter.

Ambient is ordered to provide all information it has about deaths which have occurred using its "Inspiration" rebreather as the information is likely to lead to admissible evidence.

Interrogatory No. 14

14.  Please state how many Inspiration Rebreathers were sold to customers from the time they were first manufactured to the present time.

**ANSWER**

Ambient specifically objects to this interrogatory on the grounds that it is unduly burdensome, harassing, it is not limited in time or scope, seeks the production of irrelevant information, and it is not likely to lead to the discovery of admissible evidence.  Ambient further objects to plaintiff's

efforts to use the discovery process in this litigation, which concerns the death of one individual due to misuse of a product in 2002, to turn this case into a worldwide class action of unlimited scope, time period and subject matter.  Ambient further objects on the grounds that this interrogatory seeks the production of secret, competitive information that is not relevant to the claims and defenses asserted in this lawsuit, which deal with the sale of one Inspiration rebreather to one customer, and there is an extreme danger of its disclosure to Ambient's competitors, to the substantial detriment of Ambient.

Ambient is ordered to answer the question.

Requests for Production

Request No. 5

Any and all documents regarding distribution slips/sales personnel that Ambient authorized in North America/United States from 1997-2004.

Denied as overbroad.  Plaintiff can be more precise.

Request No. 8

Website.  Ambient says it has complied.

Request Nos. 10, 11, 12

PowerPoint/video presentations.  Plaintiff is entitled to a

representation that a thorough search has been made to provide Request No. 10 and it/they can't be found or are produced. The motion is denied as to No. 11 and 12.

<u>Request Nos. 13 and 14</u>

Ambient is to produce them.

<u>Request Nos. 15 – 19</u>

Plaintiff has not shown the relevance nor any likelihood that the requests will lead to admissible evidence.

<u>Request Nos. 24 and 26</u>

Ambient says it has produced all responsive documents.

<u>Request No. 25</u>

Ambient claims it has produced them, including presumably any as described in the motion.

<u>Request Nos. 27-33</u>

No. 27 is hopelessly overbroad, but No. 28 (cell warning errors), No. 29 (oxygen cell noting logic), No. 30 (oxygen solenoid shut off, No. 31 (uncommanded rebreather shutdown), No. 32 (battery bounce) and No. 33 (power cycle testing) are specific and relevant. The motion is granted as to Nos. 28-33.

<u>Request No. 34</u>

Ambient says it has produced them.

Request Nos. 36-39

Ambient says it has produced them.

Request Nos. 40-43, 45 and 46

These relate to "failures" of the Inspiration rebreather. Ambient, in its objection says, "Ambient is not aware of any failure of an Inspiration rebreather and... (it) does not have any documents responsive to (these) request(s)." That was not the response given. Ambient is ordered to amend its responses.

Request No. 47

The objection is at odds with the response. Provide an appropriate response.

Request No. 49

I have no idea why the parties are fussing about a release exemplar when it is any release by Barrett that was requested. Denied.

Request No. 57

Granted.

Request No. 61

Denied as overbroad and vague.

The motion is granted in part and denied in part.  No sanctions as both sides have been unreasonable.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: January 16, 2008

cc:   Counsel of Record