UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Stephanie B. Barrett

     v.                                    Civil No. 06-cv-240-SM

Ambient Pressure Diving, Ltd.


**O R D E R**

Defendant seeks sanctions based upon Plaintiff's alleged violation of the stipulated protective order.

Background

The Protective Order provides in part that "(a)ll documents, material and information designated as 'Confidential' and/or 'For Attorneys' Eyes Only...' shall be used solely for purposes of this action and for no other purpose whatsoever." Doc. no. 120 at ¶ 2. Experts are required to execute an "Agreement to be bound by confidentiality." Id at Exhibit A.

On January 16, 2008 defendant was ordered to state how many Inspiration Rebreathers had been sold. Defendant did so on January 28th by supplemental interrogatory which included other answers. The supplemental answers were designated "confidential" in anticipation of the Protective Order approved on February 5th. On March 15th, Dr. Deas executed a Confidentiality Agreement.

In April, plaintiff's expert posted on a website the number of Inspiration Rebreather units manufactured.  Dr. Deas has stated that the published number is a reiteration of estimated numbers he first posted in 2006.  I have seen two emails or blog posts from 2006 which do estimate the numbers manufactured as 2, 2 ½ or 3 times the 1650 in use.  The interrogatory answer indicates one of these estimates was accurate.

The defendant demanded that the number of manufactured units posted by Dr. Deas' spreadsheet be removed.  Plaintiff notified Dr. Deas to remove it, which he did within hours (even though he had published the number in 2006).  The April 21st posting by Deas demonstrates that he had precise data available, but declined to publish it because of confidentiality restrictions.

## Conclusion

Assuming arguendo that the number manufactured is a trade secret, the evidence is not sufficiently convincing that the Protective Order was violated.  One of the 2006 published numbers is accurate and it appears from Deas' April 21st posting that he was unwilling to use the confidential data he had received under the Protective Order.  This motion is not the time or place for a

<u>Daubert</u> determination.  Defendant has not established a right to sanctions against plaintiff nor, at this point, against Dr. Deas.  The motion (Document no. 174) is denied.

    **SO ORDERED.**

                        /s/ James R. Muirhead
                        James R. Muirhead
                        United States Magistrate Judge

Date:  May 19, 2008

cc:    Counsel of Record