**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Stephanie B. Barrett


          v.                              06-cv-240-SM

Ambient Pressure Diving, Ltd.

**<u>Partial Order on Bill of Costs</u>**


     The Clerk of Court entered a Partial Bill of Costs Order on

August 10, 2009, and invited supplementary briefing on five

issues on the requested costs.  Those items are before me for

consideration.  None of the matters resolved by the August 10

Order are reconsidered in this Order.

     1.   <u>Court Reporter & Transcription Fees for the Depositions
          of Martin Parker</u>.

     The Clerk determined that if these fees are permitted, the

fees allowed would be $710.01 for the August 2005 deposition and

$1,427.25 for the September 2008 deposition.  The issue as framed

at the time of the telephonic hearing and partial order was

"whether Mr. Parker is the personification of the corporation?"

Plaintiff argued that if Parker fits that bill, his deposition

fees may not be taxed as costs.

I have found no case nor have the parties cited any case in which taxation of the cost of a deponent's deposition is determined by whether the witness is the "personification of a corporation."  Instead, the cases deal with whether the witness is a party or a "real party in interest" or one suing in a representative capacity.  Even as to parties

> (t)here is no consensus as to whether the costs for depositions of parties (or parties in interest) may be taxed.  *Compare Heverly v. Lewis,* F.R.D. 135, 136 (D.Nev.1983) (refusing to grant prevailing party travel costs for attendance at her own deposition because "a prevailing party may not recover, as a cost of suit, the expenses incident to the taking of his or her own deposition") *and Morrison v. Alleluia Cushion Co.,* 73 F.R.D. 70, 72 (N.D.Miss.1976) (refusing to tax deposition costs for witness who was "an active party in the litigation") *with Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D.Va.1997) (permitting taxation of "copies of deposition transcripts of party deponents: where the copies were reasonably necessary) *and Hancock v. Albee,* 11 F.R.D. 139, 141 D.Conn.1951) (taxing cost of copy of deposition of prevailing plaintiff because it was "reasonably necessary that plaintiff's counsel should have a copy in order to protect the plaintiffs' rights by holding the impeachment within proper limits")

U.S.E.E.O.C. v. W & O, Inc., 313 F.3d 600, 622 (11th Cir. 2000).

The 11th Circuit found persuasive the view that one should look to whether the depositions are "reasonably necessary," not whether they are a party in interest, Id.  The First Circuit has not had occasion to consider whether the expenses related to

parties and parties in interest are simply not taxable or whether taxing those costs for such persons is determined by looking at whether the deposition was "reasonably necessary."  It is unnecessary to address that question since Mr. Parker is neither a party nor a party in interest.

The traditional view is that:

> The expenses of witnesses who are themselves parties normally are not taxable.  For example, real parties in interest or parties suing in a representative capacity are not entitled to fees or allowances as witnesses.

10 Wright Miller & Kane, Federal Practice & Procedure § 2678 (3d ed 1998).

Mr. Parker is not a named party.  He is the Managing Partner of and indirectly a one-third owner of the defendant Ambient through his one-third ownership of Ambient's parent corporation. Ambient itself is a corporation.  At the outset of the case he was introduced to the jury by defense counsel as Ambient's representative and he sat at counsel table throughout the trial. He testified on two trial days at plaintiff's call and on one day at defendant's call.  He certainly was the face of the corporation to the jury.  However, "(t)he expenses of a director or officer of a corporation who is not personally involved in the litigation may be taxable, even if that individual is testifying

on behalf of the organization and the latter is a party to the suit." Id.

Parker, as a director, officer or stockholder is not a real party in interest. See Fed. R. Civ. P. 17. "A party not possessing a substantive legal right is not the real party in interest with respect to that right. One who merely stands to benefit from the action, economically or otherwise, is not necessarily a real party." 4 James Wm. Moore et al, Moore's Federal Practice § 17.10 (3ed. 2009).

Parker is not a real party in interest and therefore not in the legal sense the personification of the corporation. Defendant is awarded the $2,137.26.

2. Court Reporter & Transcription Fees for the Deposition of Michael Seacrest.

The August 10th Order set taxable costs of $750.00 if allowable. The issue, as framed by the Clerk of Court, was whether the deposition was used at trial. Defendant did not file a motion to reconsider the finding framing the issue, but has nevertheless subsequently argued that the issue was framed too narrowly. Plaintiff argues that use of that deposition was "reasonably necessary" at the time it was taken and is therefore

taxable.

Without a timely motion to reconsider, the issue to be determined remains whether the deposition was used at trial to cross examine Seacrest.  Defendant has claimed he was cross-examined with the deposition.  I have examined the transcript. Defendant did not use the deposition to cross-examine.  The $750 is disallowed.

### 3.   Witness Fees for Nigel Hester

The defendant seeks either $1,000 or $1,452.13 for fees and trial expenses of Nigel Hester.[1]  The August 10th Order contains no finding as to Hester.

At trial defendant tried, but was prevented from, having Hester testify as an expert.  Despite having failed to properly disclose Hester as an expert and despite Chief Judge McAuliffe's order restricting Hester to a fact witness, defense counsel improperly solicited opinions at trial.  He testified briefly on the last afternoon of trial for about one hour.

It is clear that defendant really sought Hester's presence as an expert witness, not a brief fact witness.  Considering that Hester was of minimal use as a "reasonably necessary" fact

---

[1]In Document no. 331-2, defendant seeks $1,452.13, but in Document no. 341 it reduces it to $1,000.

witness, I limit defendant's reimbursable costs to the lower of the two amounts claimed, namely $1,000.00.

    4.   <u>Witness Fees of Martin Parker</u>

    Defendant seeks to recover fees and expenses for Parker's deposition and trial expenses as follows:

| | |
|---|---:|
| August 2005 UK Deposition | $ 646.69 |
| July 2008 NH Deposition | 920.00 |
| September 9008 PA Deposition | 2,270.00 |
| Trial | <u>5,532.58</u> |
| TOTAL | $10,368.69[2] |

Each of the depositions was in response to plaintiff's 30(b)(6) Deposition notices.  The expenses were therefore clearly reasonably necessary when the depositions were taken.  They meet the test.  The trial expenses were reasonably necessary as plaintiff had Parker testify on two separate instances at the beginning of the trial, and he was the last defense witness at the end of trial.  Defendant is awarded the sum of $10,368.69 for Parker's expenses.

    5.   <u>Costs for Electronic Data Recovery and Scanning</u>

    Defendant seeks $33,300.10 for fees for exemplification and copies of papers necessarily obtained for use in the case.  The breakdown is as follows:

---

[2]Order of August 10, Document no. 339, re 4.

| | | |
|---|---|---:|
| 1. | Charges of IT Acceleration | $20,981.50 |
| 2. | Law Firm Copying | 6,676.01 |
| 3. | Trial Exhibits | 2,589.91 |
| 4. | Demonstrative Exhibits | <u>3,052.68</u> |
| | | $33,300.10 |

The Order of August 10th disallowed item #2, allowed $463.00 of item #3, and all of item #4. The only remaining issue is what, if any, of item #1 should be allowed.

Defendant employed IT Acceleration "to perform the electronic imaging and searching of its computer hard drives to find and produce data that complied with search terms developed by the plaintiff." Document no. 331-2, p. 13. The invoices provide no useful explanation of what IT Acceleration did for defendant. Defendant, after being challenged for the lack of explanation, points to language in the computer consulting services agreement. That document, Document no. 341-7, p.1, describes the services to be rendered:

**Image (1) Vaio Notebook (Martin).**
**Assist Alex Walls in collecting data on the UK Server:**
    1.  Microsoft Exchange Post Office (priv.edb)
    2.  Exported PST Files from custodians: Zoe Caines, Sarah Lembick, Nicky Finn, Martin Parker, Philippa Ball
    3.  Personal network folders for custodians Zoe Caines, Sarah Lembick, Nicky Finn, Martin Parker, Philippa Ball
    4.  Server data from identified folders
        a.  Investigations
        b.  Manuals

7

```
            c.    QA
            d.    Research and Development
            e.    Dive Safety Research
            f.    Scanned Items
```
**Index and process collected e-data**
**Export and process custodial email**

Defendant has offered no affidavit or other evidence to establish
what the language means or how it translates into
"exemplification" costs.  Even its arguments, as opposed to
evidence, fail to adequately establish it.  The party seeking
costs bears the burden of establishing "the amount of compensable
costs and expenses to which it is entitled and assumes the risk
of failing to meet that burden."  <u>Allison v. Bank One-Denver</u>, 289
F.3d 1223, 1248-49 (10th Cir. 2002); <u>Competitive Technologies v.
Fujitsu Limited</u>, 2006 WL 6338914 (N.D. Cal) (a party must provide
appropriate documentation).

Even assuming that processing computer records, extracting
data and converting files to a searchable format, as opposed to
electronic imaging, qualifies as "exemplification,"[3] the
documentation provided in support of these alleged costs is
inadequate to meet defendant's burden.

---

[3]At least some cases differentiate.  <u>See</u> <u>Fells v. Virginia
Department of Transportation</u>, 605 F.Supp. 2d 740, 743 (E.D. Va.
2009).

The $20,981.50 sought is disallowed.

Additional costs are allowed to the extent set forth.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 19, 2009

cc:   John T. O'Connell, Esq.
      Pamela J. Khoury, Esq.
      David G. Concannon, Esq.
      Robert H. Miller, Esq.